**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BOBBY CHARLES CANADY, #1074238,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:05-CV-1255-B** |
| | ) | **(consolidated with** |
| **DOUGLAS DRETKE, Director, Texas** | ) | **3:05-CV-1256-B)** |
| **Department of Criminal Justice,** | ) | **ECF** |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Wallace Unit of the Texas Department of Criminal Justice, Correctional Institution Division (TDCJ-CID) in Colorado City, Texas. Respondent is the Director of TDCJ-CID. The court issued process in this case.

Statement of the Case: Following his plea of not guilty, Petitioner was convicted of possession of a controlled substance and unlawful possession of a firearm by a felon in the 194th Judicial District Court of Dallas County, Texas, in cause numbers F01-53350-M and F01-53351. (Petitions for Writ of Habeas Corpus (Pets.) at 2). Punishment was assessed at thirty and twenty-

five years imprisonment respectively to run concurrently.  On February 27, 2003, the Court of

Appeals for the Fifth District of Texas at Dallas affirmed his convictions.  See Canady v. State,

No. 05-01-01917-CR and 05-01-01918-CR (Tex. App., Dallas, 2003, no pet.).

On March 30, 2004, Petitioner filed two state applications for writ of habeas corpus

pursuant to art. 11.07, Texas Code of Criminal Procedure.  Ex parte Canady, Nos. 60,097-01 and

-02, at 2.  On May 25, 2005, the Texas Court of Criminal Appeals denied the state writs based on

the findings of the trial court without a hearing.  Id., at covers.

Thereafter, on June 20, 2005, Petitioner filed the federal petitions at issue in this case.

He alleges he received ineffective assistance of trial counsel, he was denied his constitutional

right to a fair trial, he was denied due process of law when the trial court failed to hear and rule

on his motion to suppress, the evidence was legally insufficient to support his convictions, and

he received ineffective assistance of appellate counsel.[1]  (Pet. at 7-8 and Amended Memorandum

in Support).

In response to this court's show cause order, Respondent filed an answer, alleging the

petitions were unexhausted in part, time barred, and meritless.  Petitioner filed a reply disputing

the above contentions.

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas

corpus relief.  See 28 U.S.C. § 2244(d).

The one-year period is calculated from the latest of either (A) the date on which the

---

[1]     Pursuant to Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998), the federal
petitions are deemed filed as of June 14, 2005, the date on which Petitioner allegedly handed
them to prison officials for mailing.  (Pets. at 9).

judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  See id. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final.  Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d)(1)(A).

Petitioner's convictions became final for purposes of the one-year period on March 29, 2003, thirty days after the Court of Appeals affirmed the judgments of conviction.  See TEX. R. APP. P. 68.2(a) (effective September 1, 1997).  The one-year period began to run on March 30, 2003, the day after his convictions became final, see Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998), and expired on March 29, 2004, 442 days before Petitioner signed the federal petitions in this case.  Therefore, the federal petitions are time barred absent statutory or equitable tolling.

28 U.S.C. § 2244(d)(2) provides for tolling of the limitation period during the pendency of state habeas proceedings.  See Sonnier v. Johnson, 161 F.3d 941, 944 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998).  Here the state habeas applications were not pending in state court during the one-year limitation period.  The state court record reflects the applications were filed on March 30, 2004, one day after the expiration of the limitation period. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas petition did not toll one-year limitation period where it was filed after one-year period had expired).  Accordingly, Petitioner is not entitled to statutory tolling.

Petitioner urges the Court to find his state applications filed as of the date he placed them in the prison's mail system on March 4, 2004.  (Reply at 2 and 6).  However, the Fifth Circuit Court of Appeals has "decline[d] to extend the mailbox rule to the determination of filing dates for state habeas applications."  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999).  The proper inquiry is "whether the prisoner is entitled to equitable tolling," which the Court will address next.  Id.

The one-year statute of limitations can be equitably tolled, but only in cases presenting "rare and exceptional circumstances."  Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998); Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).  "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'"  United States v. Patterson, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting Davis, 158 F.3d at 810).  "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"  Coleman, 184 F.3d at 402

(quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996)); see also

Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001).  Nevertheless, a petitioner "is not entitled

to equitable tolling" unless he "diligently pursue[s] his § 2254 relief."  Coleman, 184 F.3d at

403.

      This case does not present the type of extraordinary circumstances and due diligence

required for equitable tolling.  While Petitioner filed his first federal petition immediately after

learning of the denial of his state applications, such diligence came too late.  Petitioner provides

no explanation for the eleven-month delay between the date his state judgments of conviction

became final on March 29, 2003, and the date he allegedly mailed his state habeas applications

on March 4, 2000.  Such unexplained delay makes the circumstances of this case not

extraordinary enough to qualify for equitable tolling.  See Coleman, 184 F.3d at 403 (finding that

an unexplained six-month delay after the state court denied the state petition made the

circumstances of that case "not extraordinary enough to qualify for equitable tolling under §

2244(d)(1)"); Basalo v. Cockrell, 2003 WL 21653864, *4 -5 (N.D. Tex., Jul. 21, 2003)

(3:02cv596-H) (finding that an unexplained delay of eleven months between the date the

conviction became final and the date of filing of the state habeas petition did not warrant

equitable tolling), findings, conclusions and recommendation adopted (N.D. Tex., Aug. 1, 2003).

"There is no reason to distinguish between delay that occurs before the filing of a state petition

and delay that occurs afterwards."  Basalo, 2003 WL 21653864, *4.  "[E]quity is not intended

for those who sleep on their rights."  See Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999).

Accordingly, Petitioner is not entitled to equitable tolling from the date of mailing of his art.

11.07 applications until the date of their denial.[2]

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court dismiss with

prejudice the petitions for writ of habeas corpus as barred by the one-year statute of limitations.

See 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner and counsel for

Respondent.

Signed this 20th day of January, 2006.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

_____

[2]    Insofar as Petitioner requests equitable tolling between March 4, 2004, the date he placed his state applications in the prison mail system, and March 30, 2004, the date the state court filed them, his claim fares no better.  Such request, even if granted, would have tolled the limitation  period for only twenty-five days, which is insufficient to place the instant federal action within the one-year limitation period of 28 U.S.C. § 2244(d)(1).